Ezequiel Munoz TELLEZ; et al., Petitioners,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 07–70508.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 **.

Filed Dec. 28, 2007.

Richard Mendez, Esq., Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher P. McGreal, Benjamin J. Zeitlin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM ***

Ezequiel Munoz Tellez, his wife Felipa Mayo Cortes, and their son Alexis Em-

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

manuel Munoz Mayo seek review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's order denying the parents' applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). We do not consider petitioners' contentions regarding physical presence and moral character, because petitioners' failure to establish hardship is dispositive.

We are not persuaded that the qualifying relative requirement for cancellation of removal violates equal protection. *See Ram*, 243 F.3d at 517 (" '[L]ine-drawing' decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose."); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir.2002) (concluding that petitioner who failed to show evidence of qualifying relative was ineligible for cancellation of removal).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.